Matthew T. Christensen, ISB: 7213
JOHNSON MAY
199 N. Capitol Blvd., Ste. 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-2157
Email: mtc@johnsonmaylaw.com

*Attorney for Defendant Robin Weldy*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>JOLYNN MALLORY.,<br><br>　　　　Debtor. | Case No. 22-20032-JMM<br><br>Chapter 7 |
| J. FORD ELSAESSER, solely in his capacity of the Chapter 7 Trustee of the above bankruptcy estate,<br>　　　　Plaintiff,<br>vs.<br>ROBIN WELDY,<br>　　　　Defendant. | Adversary No. 23-07001-JMM<br><br>**ANSWER TO ADVERSARY COMPLAINT** |

The Defendant, Robin Weldy ("Weldy"), by and through her counsel of record, Johnson May, responds to the Adversary Complaint of J. Ford Elsaesser ("Plaintiff"), as follows.  Any allegations in the complaint not specifically admitted or qualified shall be deemed denied.

In response to the specific allegations in the Complaint, Weldy responds as follows:

1. Weldy admits the allegations contained in paragraph 1 of the Adversary Complaint.

2. Weldy admits the allegations contained in paragraph 2 of the Adversary Complaint.

3. Weldy admits the allegations contained in paragraph 3 of the Adversary Complaint.

ANSWER TO ADVERSARY COMPLAINT – Page 1

    4.       Weldy admits the allegations contained in paragraph 4 of the Adversary Complaint.

    5.       Weldy admits the allegations contained in paragraph 5 of the Adversary Complaint.

    6.       No response to the statements contained in paragraph 6 of the Adversary Complaint is necessary. Additionally, Weldy specifically consents to the Bankruptcy Court entering final orders and decisions in this matter.

    7.       Weldy admits the allegations contained in paragraph 7 of the Adversary Complaint.

    8.       Weldy admits the allegations contained in paragraph 8 of the Adversary Complaint.

    9.       Weldy admits the allegations contained in paragraph 9 of the Adversary Complaint.

    10.      Weldy admits the allegations contained in paragraph 10 of the Adversary Complaint.

    11.      Weldy admits the allegations contained in paragraph 11 of the Adversary complaint.

    12.      Weldy denies allegations contained in paragraph 12.

    13.      Weldy admits the allegations contained in paragraph 13 of the Adversary complaint.

    14.      Weldy denies allegations contained in paragraph 14.

    15.      With regard to the allegations contained in paragraph 15 of the Complaint, Weldy asserts that the terms of the "Trust Document" speak for themselves, and denies any allegations in this paragraph that conflict with the terms of the "Trust Document."

    16.      With regard to the allegations contained in paragraph 16 of the Complaint, Weldy asserts that the terms of the "Trust Document" speak for themselves, and denies any allegations in this paragraph that conflict with the terms of the "Trust Document."

ANSWER TO ADVERSARY COMPLAINT – Page 2

17. With regard to the allegations contained in paragraph 17 of the Complaint, Weldy asserts that the terms of the "Trust Document" speak for themselves, and denies any allegations in this paragraph that conflict with the terms of the "Trust Document." Further, the Debtor affirmatively states that no funds were transferred for any conveyance of the Property to the Trust.

18. With regard to the allegations contained in paragraph 18 of the Complaint, Weldy asserts that the terms of the "Trust Document" speak for themselves, and denies any allegations in this paragraph that conflict with the terms of the "Trust Document."

19. With regard to the allegations contained in paragraph 19 of the Complaint, Weldy admits that a "Notice of Resignation of Trustee" was signed by the Debtor, and denies the remaining allegations in this paragraph.

20. Weldy admits the allegations contained in paragraph 20 of the Adversary complaint.

21. Weldy admits the allegations contained in paragraph 21 of the Adversary complaint.

22. With regard to the allegations contained in paragraph 22 of the Complaint, Weldy admits only that on or around December 30, 2019, the Debtor signed a "Bill of Sale", and affirmatively states that the Bill of Sale speaks for itself.

23. Weldy admits the allegations contained in paragraph 23 of the Complaint.

24. Weldy admits the allegations contained in paragraph 24 of the Complaint.

25. Weldy denies the allegations contained in paragraph 25 of the Complaint.

26. Weldy denies the allegations contained in paragraph 26 of the Complaint.

27. Weldy denies the allegations contained in paragraph 27. Specifically, Weldy denies that the purchase price called for in the agreements was not paid as outlined in the agreements

28. Weldy admits the allegations contained in paragraph 28 of the Complaint.

29. Weldy denies the allegations contained in paragraph 29 of the Complaint.

30. In response to the allegations contained in paragraph 30 of the Complaint, Weldy reiterates her responses to the previous paragraphs.

31. Weldy denies the allegations contained in paragraph 31 of the Complaint.

32. Weldy denies the allegations contained in paragraph 32 of the Complaint.

33. Weldy denies the allegations contained in paragraph 33 of the Complaint, including specifically that the Property is property of the bankruptcy estate.

34. Weldy denies the allegations contained in paragraph 34 of the Complaint.

35. Weldy denies the allegations contained in paragraph 35 of the Complaint.

36. In response to the allegations contained in paragraph 36 of the Complaint, Weldy reiterates her responses to the previous paragraphs.

37. Weldy admits the allegations contained in paragraph 37 of the Complaint.

38. Weldy admits the allegations contained in paragraph 38 of the Complaint.

39. Weldy denies the allegations contained in paragraph 39 of the Complaint.

40. Weldy denies the allegations contained in paragraph 40 of the Complaint.

41. Weldy denies the allegations contained in paragraph 41 of the Complaint.

42. Weldy denies the allegations contained in paragraph 42 of the Complaint.

43. In response to the allegations contained in paragraph 43 of the Complaint, Weldy reiterates her responses to the previous paragraphs.

44. In response to the allegations contained in paragraph 44 of the Complaint, Weldy admits that it appears the Trustee has retained the services of Hawley Troxell to prosecute the Complaint, but denies that the Trustee is entitled to fees or costs for pursuing his claims.

ANSWER TO ADVERSARY COMPLAINT – Page 4

## AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable where appropriate, to any and all of Plaintiff's claims for relief. In asserting the defenses, Weldy does not admit the burden of proving allegations or denials contained in this answer is upon it, but, to the contrary, asserts that by reason of these denials, and by reason of relevant statutory and judicial authority, the burden of proving the inverse of the allegations contained in the defenses is upon Plaintiff. Moreover, in asserting any defense, Weldy does not admit any responsibility or liability, but rather specifically denies any and all allegations of damages, responsibility, and liability in the Adversary Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Trustee's Complaint does not state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Weldy and/or the Trust was a "good faith transferee" of the Property.

## ATTORNEY FEES

Weldy has been forced to retain counsel to defend the Adversary Complaint and has incurred, and will continue to incur, attorneys' fees and costs. Weldy is entitled to recover from Plaintiff her reasonable costs and attorneys' fees incurred in this matter pursuant to Idaho Code Sections 12-120, 12-121, 12-120(3), Idaho Rule of Civil Procedure 54, and/or any applicable agreement, rules, or statutes authorizing a fee award.

## **PRAYER FOR RELIEF**

WHEREFORE, Robin Weldy prays for relief against J. Ford Elsaesser on his adversary complaint as follows:

1. That the Court dismiss Plaintiffs' complaint with prejudice;

2. For an award of reasonable attorney fees and costs/expenses incurred in defending the adversary complaint; and

3. For such other relief as to the Court may seem just and equitable.

DATED this 10th day of February, 2023.

> /s/ Matt Christensen
> MATTHEW T. CHRISTENSEN
> Attorney for Defendant Weldy

ANSWER TO ADVERSARY COMPLAINT – Page 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2023, I filed the foregoing ANSWER TO ADVERSARY COMPLAINT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen           mtc@johnsonmaylaw.com
Brent R. Wilson                  bwilson@hawleytroxell.com

Any others as listed on the Court's ECF Notice.

              /s/ Matt Christensen
              Matthew T. Christensen